UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 25-cv-80133-DAMIAN

**EDGAR A. PEDROMIGUEL**,

    Petitioner,

vs.

**RICKY D. DIXON**, Secretary,
Florida Department of Corrections,

    Respondent.
_____/

## ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** is before the Court upon Petitioner, Edgar A. Pedromiguel ("Pedromiguel" or "Petitioner"), *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [ECF No. 1 ("Petition")], filed January 29, 2025. In the Petition, Pedromiguel attacks the constitutionality of his conviction and sentence entered in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, in *State of Florida v. Pedromiguel*, No. 2008-CF-000368 (Fla. 15th Cir. Ct. 2008).[1]

THE COURT has considered the Petition, the pertinent portions of the record, and relevant legal authorities and is otherwise fully advised. For the reasons that follow, the Petition is dismissed as untimely.

---

[1] The Court takes judicial notice of the relevant online state court proceedings. *See* Fed. R. Evid. 201; *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009) (quoting *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999) ("A court may take judicial notice of its own records and the records of inferior courts")); *see also Keith v. DeKalb Cnty., Ga.*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014) (taking judicial notice of the online judicial system) (citing Fed. R. Evid. 201). The Court shall make the relevant state court documents part of the instant record by separate order.

## I. APPLICABLE LAW

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. *See Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998). The AEDPA establishes a one-year statute of limitations for all federal habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). Specifically, under the AEDPA, the limitations period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The limitations period is tolled, however, for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. . ." § 2244(d)(2). Consequently, a petition may not be time-barred pursuant to § 2244(d)(1)(A) if the appropriate limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. *See* 28 U.S.C. § 2244(d)(2); *see also Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982–83 (11th Cir. 2013). Further, if a petitioner created any time gaps in the review process, the one-year clock would continue to run. *See Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013) (citing *Carey v. Saffold*, 536 U.S. 214, 219–20 (2002)).

## II.     RELEVANT PROCEDURAL HISTORY

### A. *State Court Proceedings*

Petitioner was charged by amended information with one count of sexual battery by coercion and threat, in violation of section 794.011(4)(b), Florida Statutes (1998). [ECF No. 8 at 9]. On October 8, 2014, a jury found Petitioner guilty of the charged offense. *Id.* Based on this conviction, on December 8, 2014, the state trial court adjudicated Petitioner guilty, declared him a sexual predator pursuant to section 775.021, Florida Statutes, and sentenced him to thirty (30) years' imprisonment with credit for 802 days for time served. *Id.* at 10–11.

On November 6, 2014, Petitioner appealed his conviction and sentence to the Fourth District Court of Appeal ("Fourth DCA"). [ECF No. 9]. On January 19, 2017, the Fourth DCA *per curiam* affirmed without a written opinion. *See Pedromiguel v. State*, 222 So. 3d 1224 (Fla. 4th DCA 2017) (table). The mandate issued on February 17, 2017. [ECF No. at 9 at 1].

Petitioner was not permitted to seek discretionary review with the Florida Supreme Court because the affirmance on direct appeal did not cite to any decision for which the Florida Supreme Court had accepted review. *See Wells v. State*, 132 So. 3d at 1113 (Fla. 2014).

On April 8, 2018, Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, and an amended motion for post-conviction relief on July 15, 2019. [ECF No. 8 at 13; ECF No. 10]. On February 23, 2021, the trial court granted an evidentiary hearing as to Petitioner's claim that trial counsel had failed to properly advise him about a favorable plea deal offered by the State and about the consequences of refusing to accept it and denied all other grounds for relief. [ECF No. 8 at 15].

Following an evidentiary hearing held from July 19–20, 2023, the state trial court denied Petitioner's amended Rule 3.850 motion on August 7, 2023. *Id.* at 19–20. Petitioner appealed and, on December 5, 2024, the Fourth DCA *per curiam* affirmed without written

3

opinion. *See Pedromiguel v. State*, 397 So. 3d 1116 (Fla. 4th DCA 2024). The mandate issued on January 2, 2025. [ECF No. 11].

### A. Federal Habeas Proceedings

On January 21, 2025, Petitioner filed the § 2254 Petition now before this Court.[2] [ECF No. 1]. Petitioner challenges the constitutionality of his sentence on several grounds, including ineffective assistance of counsel and due process violations under the Fourteenth Amendment. *See generally* Petition at 6–18.

### III. ANALYSIS

Petitioner's convictions became final, and the federal limitations period, under the AEDPA, began running on **April 19, 2017**, ninety days after the state appellate court issued its *per curiam* affirmance, when the period for seeking discretionary review with the United States Supreme Court expired. *See* Sup. Ct. R. 13; *Gonzalez v. Thaler*, 565 U.S. 134 (2012).

Therefore, absent any tolling, Petitioner had one year, until **April 19, 2018**, from the time his conviction became final on **April 19, 2017**,[3] to timely file his § 2254 petition. *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008). As noted above, Petitioner did not file the instant Petition until **January 21, 2025**—more than **six years and nine months** after the statutory deadline. *See* Petition at 22. Thus, the Court considers whether there is a basis on

---

[2] Under the federal "mailbox rule," a *pro se* federal habeas petition is deemed to be filed on the date it is delivered to prison authorities for mailing. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (holding that under the "mailbox rule," a *pro se* prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing).

[3] Petitioner mistakenly calculates the date his conviction became final as May 17, 2017. Petition at 21. If relying on this erroneous date, his petition would be timely.

which the limitations period was tolled, and, if so, whether the Petition was timely filed within the tolled period.

### A. *Statutory Tolling*

The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2). However, relevant here, the one-year clock continues to tick during any gaps in the state post-conviction review process. *See Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982–83 (11th Cir. 2013). And, if a petitioner sat on any claim or created any time gaps in the review process, the one-year clock would continue to run. *See Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013) (citing *Carey v. Saffold*, 536 U.S. 214, 219–20 (2002)).

To be eligible for statutory tolling of the one-year AEDPA limitations period, Petitioner had to have initiated a postconviction proceeding prior to April 19, 2018. *See* § 2244(d)(2). He did so. However, prior to his doing so, after the judgment became final on April 19, 2017, **354 days** elapsed before Petitioner filed a motion for post-conviction relief on April 8, 2018. [ECF No. 10 at 22]. After the state trial court denied Petitioner's Rule 3.850 motion, Petitioner appealed. [ECF No. 11]. On December 5, 2024, the Fourth DCA *per curiam* affirmed without written opinion. *See Pedromiguel v. State*, 397 So. 3d 1116 (Fla. 4th DCA 2024). The mandate issued on January 2, 2025. [ECF No. 11 at 1].

After the Fourth DCA issued the mandate in Petitioner's Rule 3.850 appeal on January 2, 2025, the limitations period ran unchecked for **19 days** before Petitioner initiated the instant proceedings on January 21, 2025. Thus, in total, **373 days** of the statute of limitations elapsed before Petitioner came to this Court. As such, it is evident that there was

5

over one year (8 days) during which no post-conviction proceedings were pending tolling the federal limitations period, and, therefore, the Petition is untimely under § 2244(d)(1)(A).

The undersigned has also carefully considered whether statutory tolling is warranted under § 2244(d)(1)(B) or § 2244(d)(1)(C). Petitioner has not alleged, nor does the record support a finding, that there was a state impediment that should restart the limitations period under § 2244(d)(1)(B). Petitioner also does not claim, and this record does not reveal, that he is entitled to relief based on a Supreme Court decision made retroactively applicable to cases on collateral review under § 2244(d)(1)(C). Therefore, tolling is not warranted under these statutory provisions.

In addition, careful review reveals that § 2244(d)(1)(D) is also inapplicable because the state court record does not reveal that the statute of limitations should be tolled on the basis of "new evidence" that would sufficiently restart the limitations period on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D).

Thus, there is no applicable basis for statutory tolling.

### B. Equitable Tolling

Equitable tolling "is an extraordinary remedy limited to rare and exceptional circumstances" and typically should be "applied sparingly." *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1221 (11th Cir. 2017) (quotations omitted); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010); *Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (per curiam); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). Indeed, equitable tolling may only be applied where there are "extraordinary circumstances that are both beyond [the petitioner's] control and unavoidable even with diligence." *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005) (quoting *Sandvik v. United States*, 177 F.3d 1269,

1271 (11th Cir. 1999)), *aff'd*, 549 U.S. 327 (2007). Moreover, a petitioner seeking equitable tolling bears the burden of demonstrating that he is entitled to it. *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002), *overruled on other grounds as recognized by Jones v. Sec'y, Fla. Dep't of Corr.*, 906 F.3d 1339, 1351 (11th Cir. 2018).

The Supreme Court has admonished, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (quotations omitted); *see also Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001) (per curiam) ("Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when extraordinary circumstances have worked to prevent an otherwise diligent petitioner from timely filing his petition." (quotation omitted)).

"The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence[.]'" *Id.* at 653 (internal citations omitted). To demonstrate extraordinary circumstances, a petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (citation omitted). Determining whether a circumstance is extraordinary "depends not on 'how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period.'" *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014) (*quoting Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008)).

A "garden variety claim of excusable neglect" cannot constitute extraordinary circumstances. *See Holland*, 560 U.S. at 651 (citation omitted). "[A]ttorney mistakes are generally attributable to a client by agency principles; because the attorney acts as his client's agent, the client is bound by the mistakes of the attorney." *Clemons*, 967 F.3d at 1243.

7

Accordingly, attorney error must rise to the level of abandonment—"illustrated by not keeping a client updated on essential developments, not responding to a client's questions or concerns, and severing communication with a client"—to qualify as extraordinary circumstances. *Brown v. Sec'y, Dep't of Corr.*, 750 F. App'x 915, 929 (11th Cir. 2018) (citation omitted); *see also Maples v. Thomas*, 565 U.S. 266, 282 (2012) (re-examining *Holland* and acknowledging that the relevant distinction regarding attorney negligence is that "between a claim of attorney error, however egregious, and a claim that an attorney had essentially abandoned his client"); *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1228 (11th Cir. 2017) (holding that while attorney negligence is not sufficient for purposes of equitable tolling, abandonment is sufficient).

Review of the record before this Court reflects that Petitioner does not make any effort to explain why he let over a year pass before filing his § 2254 petition, and this Court finds no indication of extraordinary circumstances or some other reason to find that Petitioner properly and diligently pursued his rights. As a result, Petitioner has not demonstrated that he qualifies for equitable tolling of the limitations period. *See Webster v. Moore*, 199 F.3d 1256, 1258-60 (11th Cir. 2000) (holding that even properly filed state court petitions must be pending in order to toll the limitations period).

### C. Fundamental Miscarriage Of Justice / Actual Innocence

A petitioner may also overcome the statute of limitations bar by a showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). This exception, however, "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted the petitioner.'" *Id.* at 395 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). For a claim of actual

innocence to be credible, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. In assessing such evidence, "the district court is not bound by the rules of admissibility that would govern at trial[,]" and must "consider the probative force of relevant evidence that was either excluded or unavailable at trial." *Id.* at 327–28. Such evidence is "unavailable in the vast majority of cases, [and] claims of actual innocence are rarely successful." *Id.* at 324.

Here, the record reveals no indication that a manifest injustice has occurred, and Petitioner has offered any information to show a manifest miscarriage of justice sufficient to overcome the time bar. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (citation and internal quotation marks omitted). Petitioner has presented no new evidence, much less new evidence that would demonstrate his actual innocence. *See generally* Petition.

For all the foregoing reasons, this Court finds that the Petition is time barred, and Petitioner has not demonstrated that he is entitled to relief from the time bar. Therefore, his Petition is due to be dismissed.

## V. CERTIFICATE OF APPEALABILITY

A petitioner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability to do so. *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009).

A district court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where, as here, the district court denies a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

After review of the record, this Court is satisfied that Petitioner is not entitled to a certificate of appealability. As the Eleventh Circuit has explained, "[w]hen a district court dismisses a petition as time-barred, it is inappropriate to grant a certificate of appealability on the constitutional claim[.]" *Ross v. Moore*, 246 F.3d 1299, 1300 (11th Cir. 2001) (vacating certificate of appealability where habeas petition was denied as time-barred). Here, Petitioner's § 2254 Motion has been denied as being untimely under the AEDPA, 28 U.S.C. § 2244(d)(1)(A). Therefore, granting a certificate of appealability on the constitutional claims here would be inappropriate.

## VI.  CONCLUSION

Because Petitioner (1) failed to file the Petition within one year of the judgment against him becoming final, (2) has not shown that he is entitled to statutory or equitable tolling, and (3) has not shown that any exception to the one-year limitations period applies, the Petition is due to be dismissed as untimely.[4]

---

[4] Section 2244 "does not require a hearing on the issue of time-bar or equitable tolling, so the decision as to whether to conduct an evidentiary inquiry is a matter left to the sound discretion

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Petition for Writ of Habeas Corpus [ECF No. 1] is **DISMISSED** as untimely.

2. A certificate of appealability shall **NOT** issue.

3. Judgment shall issue by separate order.

4. The Clerk of Court is directed to **CLOSE** this case.

5. All pending motions, if any, are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 28th day of March, 2025.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc: Edgar A Pedromiguel, *Pro se*
B13444
Marion Correctional Institution
Inmate Mail/Parcels
Post Office Box 158
Lowell, FL 32663

---

of the district court." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1292 (11th Cir. 2002) (citations omitted), *overruled on other grounds as recognized by Jones v. Sec'y, Fla. Dep't of Corr.*, 906 F.3d 1339, 1351 (11th Cir. 2018). Here, an evidentiary hearing is not warranted. The Petition is untimely and Petitioner's conclusory allegations do not suggest that he would be able to develop facts sufficient to overcome the time bar. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the record . . . precludes habeas relief, a district court is not required to hold an evidentiary hearing.").